UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NED MURTHA AND KAREN MURTHA, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TJX COMPANIES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:12-cv-10598-MLW |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties are seeking and/or may in the future seek from each other or nonparties information, documents or things which may be considered by the Producing Party proprietary or confidential (hereafter collectively referred to as "Confidential Information"); and

WHEREAS, the parties wish to protect such Confidential Information from unauthorized and unnecessary disclosure;

NOW, THEREFORE, in the interest of expediting the exchange of information between the parties and permitting the same to proceed without delay occasioned by possible disputes regarding such claims of Confidential Information, the parties have agreed to provide access to and to accept such Confidential Information subject to certain protective provisions, set forth below, designed to assure the protection of Confidential Information during these proceedings.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties, subject to the approval of the Court, that:

1. This Stipulation and Protective Order shall apply to all information, documents or things produced in this action, whether pursuant to a formal discovery request or otherwise, including without limitation:

   a. Any information given orally upon oral examination at deposition;

   b. The transcript of any deposition taken;

   c. Any document marked as an exhibit at any deposition taken;

   d. Any information given upon written questions;

   e. Answers to interrogatories;

   f. Documents or things produced;

   g. Information obtained from inspection of premises or things; and

   h. Answers to requests for admission.

2. Any information, document or thing denominated in paragraph 1 may be designated confidential pursuant to this Order, provided that the party making such designation (the "Designating Party") shall first have made a good faith determination that such information, document or thing is entitled to such designation as a trade secret or as other confidential research, development, commercial or business information or as personal or financial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices.

3. All such information, documents or things denominated in paragraph 1 above and designated confidential pursuant to paragraph 2 above, the contents thereof, and any information therefrom, shall be so identified by including thereon or in an accompanying document the legend "CONFIDENTIAL." If the Designating Party makes a good faith determination that any such information, documents or things, the contents thereof, and any information therefrom, is

especially sensitive proprietary, trade secret, or competitive information, or is subject to the privacy rights of third parties, it shall be so identified by the Designating Party by including thereon or in an accompanying document the legend "HIGHLY CONFIDENTIAL."

4. Each transcript of a deposition taken of a party to this action or of any designated representative of a party, including without limitation former servants, employees or agents of a party who have personal knowledge of the events at issue in this action, and exhibits thereto shall be presumptively deemed confidential and subject to the provisions of this Stipulation and Protective Order for a period of 30 days following receipt of said transcript by counsel for the deponent. At the end of said 30 days, counsel for the deponent may designate certain pages and exhibits as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying opposing counsel in writing of said designation, and such pages and exhibits shall be treated as subject to the terms of this Stipulation and Protective Order. Counsel for each party shall be responsible for marking the designated pages of copies of the transcript and exhibits in their possession with the legend specified in paragraph 3 hereof.

5. Each interrogatory answer or portion thereof, each document, thing or portion thereof, and each answer to a request for admission or portion thereof which is deemed by a party to disclose Confidential Information of that party shall be so identified, by using the legend set forth in paragraph 3 above. Such identification shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when a copy of the document is provided to any other party, or when such inspection of things is made.

6. Subject to compliance with paragraphs 8, 9 and 10 below, and except as provided in paragraphs 11 and 12 below, information, documents or things deemed by a producing party or nonparty to be "CONFIDENTIAL" shall not be made public by the receiving party (including,

but not limited to, his/its counsel) or disclosed by the receiving party to anyone other than the following persons (designated herein as "Permitted Recipients"):

(a)     the parties to this action (as to current employees of Defendant, this provision is limited to in-house counsel and their staff, those involved in the action, or those who have a need to know the confidential material in order to assist counsel of record);

(b)     outside counsel of record and other personnel of their law firms, including without limitation paralegals, stenographic and clerical employees, who are assisting them in this action;

(c)     subject to the provisions of paragraph 9 herein, the Court before which this action is pending, the Court staff, any court reporters present in their official capacity at any hearing, deposition or other court proceeding in this action, and/or the fact finder before which this action is tried;

(d)     subject to compliance with paragraph 10 herein, any expert, investigator or consultant retained by counsel of record in connection with this action;

(e)     subject to compliance with paragraph 10 herein, any witnesses or deponent whose testimony is reasonably related to the confidential information sought to be disclosed to him;

(f)     subject to compliance with paragraph 10 herein, any person who is the author, addressee, is copied on, or, prior to disclosure, has been a lawful recipient of the information as indicated from the face of the document; and

(g)     subject to compliance with paragraph 10 herein, any other person only upon written consent of the producing party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice

and an opportunity to be heard.

Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the persons, and subject to the same terms, listed in Sections 6(b), 6(c), 6(d), 6(f), and 6(g), as appropriate, provided however that such disclosure is limited to that which is reasonably necessary for purposes of this litigation.

7.  Confidential Information shall not be filed with the Court or included, in whole or in part, in pleadings, motions or briefs, except in sealed envelopes prominently marked with the caption of the case and the notation:

**"CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."**

Provided, however, that such information shall be available to the Court and persons listed in paragraph 6 above. Submissions including Confidential Information may be filed under seal, with redacted copies filed for the public record.

8.  Except as provided in paragraphs 9 and 10 herein, Confidential Information obtained by one party from another party in the course of this action shall be used by the receiving party solely for the purpose of assisting counsel of record in connection with this litigation, including, without limitation in connection with preparation for and any hearing in this action, and for no other litigation or competitive or business purpose, or for any other purpose whatsoever.

9.  Subject to the terms of this Order, Confidential Information may be disclosed in testimony at any hearing in this action, presented in argument on motions or in conferences with the Court, or offered in evidence at any hearing in this action, subject to the rules of evidence and subject to such further order as this Court may enter. This Order governs only pre-trial matters and proceedings.

10. Counsel agrees to make all reasonable efforts to ensure compliance with this Order, including but not limited to maintaining the confidentiality of such information in the event one party seeks to use another party's Confidential Information for purposes of this litigation. Any person referred to in paragraph 6(d) – 6(g) to whom any Confidential Information of an opposing party is to be disclosed shall first execute a Declaration in the form attached hereto as Exhibit A.

11. The treatment of any information, document, or thing as confidential is intended solely to facilitate preparation for hearing, and such treatment will not be construed in any way as an admission or agreement that the information, document or thing contains any trade secret or confidential information in contemplation of law. Further, acceptance by a party of information, documents or things identified as Confidential Information pursuant to this Stipulation and Protective Order shall not constitute a concession that the information, documents or things are confidential. No person shall be obligated to challenge the propriety of any such treatment, and a failure to do so shall not preclude a subsequent attack on the propriety or the claim of confidentiality.

12. Any party hereto may, upon duly noticed motion and following a good faith attempt to meet and confer with the Designating Party, challenge the treatment as confidential of particular information, documents or things or seek relief from or modification of this Order. If such a challenge is made, or such relief or modification is sought, the Designating Party shall bear the burden of proving the appropriateness of confidential treatment and the party making the challenge or seeking the relief or modification shall bear the burden of proving the appropriateness of such relief.

13.     If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of such disclosure, as well as the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

14.     Nothing in this Stipulation and Protective Order shall require disclosure of material which counsel for plaintiff or any defendant contends is protected from disclosure by law, the attorney-client privilege or the work-product immunity, or the disclosure of which would breach an express agreement with a third party to maintain such material in confidence. In the latter case, if the requested material otherwise might be produced but for such agreement, the producing party shall be required to take reasonable steps to obtain the permission of the third party to release the material to the requesting party. Further, the designating party shall disclose to the requesting party the identity of the parties to the agreement to keep the designated material confidential, including the name, business address and telephone numbers of all parties to the agreement, the general subject matter of the confidential material, if known, whether there were any recipients of the material who were not party to the agreement to maintain the material as confidential and the name, business address and telephone numbers of said known recipients. This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

15.     The nondisclosure obligation placed upon the parties to this action and on all other Permitted Recipients by this Stipulation and Protective Order shall survive the termination

of the action whether by judgment or agreement or termination of employment of any Permitted Recipient by any party.

16.     Upon final termination of this action, including all appeals, the attorneys for each party, together with all other Permitted Recipients, shall, upon request by the attorneys for any other party, assemble and return to the requesting attorney all confidential documents and confidential things produced by the requesting party together with any and all copies thereof which the attorneys for each party, the parties or any other Permitted Recipients have in their possession, custody or control. The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Confidential Information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the Designating Party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulation and Order, during the course of this action.

17.     The restrictions set forth in this Stipulation and Protective Order shall not apply to information which, at or prior to disclosure thereof in this action, is or was already in the possession or knowledge of the parties, or is independently developed or acquired by the parties from an independent source, or is public knowledge. Moreover, the restrictions of this Order shall cease to apply to information, which, after disclosure, becomes public knowledge other than by act or omission of any Permitted Recipient in contravention of this Order.

18.     Nothing in this Stipulation or Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination of documents produced. In

rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any document or information designated as confidential by a producing party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Protective Order.

19. This Stipulation and Protective Order shall be without prejudice to the right of any party to seek a modification hereof by leave of the Court.

20. This Stipulation and Protective Order may be amended by the agreement of the attorneys for the parties in the form of Stipulation that shall be filed in this action and approved by the Court.

21. This Stipulation and Protective Order may be executed in one or more counterparts, each of which when so executed may be deemed to be an original.

22. Any information, documents, or things deemed "confidential" and produced prior to the approval of this Stipulation and Protective Order will be subject to the Stipulation and Protective Order once it is approved.

23. The Court may revise this Order as it deems appropriate or necessary after giving the parties notice and an opportunity to be heard.

Assent to the foregoing Stipulation and Protective Order is hereby given by the parties by and through their attorneys.

| NED AND KAREN MURTHA | THE TJX COMPANIES, INC., |
|---|---|
| **PLAINTIFFS,** | **DEFENDANT,** |
| /s/ Peter M. Van Dyke | /s/ P. Craig Cardon |
| Peter M. Van Dyke, BBO # 655171 | Craig Cardon (admitted *pro hac vice*) |
| Eagan, Donohue, Van Dyke & Falsey, LLP | SHEPPARD MULLIN RICHTER & |
| 24 Arapahoe Road | HAMPTON LLP |
| West Hartford, CT 06107 | 1901 Avenue of the Stars |
| Tel: (860) 232-7200 | Suite 1600 |
| Fax: (860) 232-0214 | Los Angeles, CA 90067 |
| pvd@eddf-law.com | Tel: (310) 228-3749 |
|  | Email: ccardon@sheppardmullin.com |
|  |  |
|  | Nicholas C. Theodorou (BBO # 495730) |
|  | Creighton K. Page (BBO # 674640) |
|  | FOLEY HOAG LLP |
|  | 155 Seaport Boulevard |
|  | Seaport World Trade Center West |
|  | Boston, MA 02210 |
|  | Tel: (617) 832-3035 |
|  | Email: nct@foleyhoag.com |
|  |          cpage@foleyhoag.com |
| Dated: November 26, 2013 | Dated: November 26, 2013 |

SO ORDERED on this 3rd day of December, 2013

_____
The Honorable Mark Wolf
~~Justice of the~~ United States District Court Judge.
District of Massachusetts

## EXHIBIT A

### DECLARATION

By my signature, I hereby declare and acknowledge that I have read the Confidentiality Stipulation and Protective Order entered in <u>Ned Murtha v. The TJX Companies, Inc.</u>, Civil Action No. 1:12-cv-10598-MLW pending in the United States District Court for the District of Massachusetts and hereby agree to be bound by the terms thereof.

Dated:_____

_____
Signature

Signatory's Name and
Residence Address:

_____

_____

_____

Signatory's Business Address:

_____

_____

_____